IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Olandio R. Workman, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:18-3472-HMH-KFM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| State of South Carolina, Governor Henry | ) | |
| Dargan McMaster, Attorney General SC, | ) | |
| Garrett Charles Ralph, W. Walter Wilkins, | ) | |
| Derek Polsinello, Robert Perry, Sheriff | ) | |
| Will Lewis, Greenville County Solicitor's | ) | |
| Office, Greenville County Sheriff's Office, | ) | |
| Greenville County Council, and | ) | |
| James E. Hudson, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Olandio R. Workman ("Workman"), a state prisoner proceeding pro se, alleges violations of 42 U.S.C. § 1983 against the State of South Carolina, Governor Henry Dargan McMaster ("Governor McMaster"), the Attorney General of South Carolina, Judge Charles Ralph Garrett ("Garrett"),[2] W. Walter Wilkins ("Wilkins"), Derek Polsinello ("Polsinello"), Robert Perry ("Perry"), Will Lewis ("Lewis"), Greenville County

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Workman identifies "Garrett Charles Ralph" as a defendant. However, this defendant is properly identified herein as Judge Charles Ralph Garrett.

Solicitor's Office ("Solicitor's Office"), Greenville County Sheriff's Office ("Sheriff's Office"), Greenville County Council ("GCC"), and Judge James E. Hudson ("Hudson") (collectively "Defendants"). In his Report and Recommendation, Magistrate Judge McDonald recommends dismissing this action without prejudice, issuance and service of process, or leave to amend the complaint, and further recommends that this action be designated a "strike" pursuant to 28 U.S.C. § 1915(g). For the reasons discussed below, the court adopts the Report and Recommendation.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Workman is currently incarcerated at Lee Correctional Institution in the South Carolina Department of Corrections. On September 20, 2018, Workman was convicted in state court for domestic violence of a high and aggravated nature, kidnapping, and possession of a weapon during a violent crime. (R&R 2 n.3, ECF No. 16.) Workman alleges that the Defendants falsified an arrest warrant against him regarding a fourth charge for possession of a firearm by a convicted felon, which was dropped at trial, and wrongfully held him in jail for 726 days prior to his trial. (Compl. 4, ECF No. 1.) Pursuant to § 1983, Workman alleges claims for due process and equal protection violations, racial discrimination, false arrest, prosecutorial misconduct, and harassment. (Id. 2, ECF No. 1.) Including the instant action, Workman has filed eighteen actions since 2016 related to his arrest and ongoing incarceration. (R&R 2 n.2, ECF No. 16.) Workman filed the instant complaint on December 14, 2018.[3] (Compl., ECF No. 1.) On January 31, 2019, Magistrate Judge McDonald issued the Report and Recommendation. (R&R, ECF No. 16.)

---

[3] Houston v. Lack, 487 U.S. 266 (1988).

Workman filed objections to the Report and Recommendation on February 14, 2019.[4] (Objs., ECF No. 18.) This matter is now ripe for review.

## II. REPORT AND RECOMMENDATION

In the Report and Recommendation, Magistrate Judge McDonald recommends summary dismissal of Workman's complaint because (1) Workman's claims against Wilkins, Polsinello, the Solicitor's Office, the Sheriff's Office, Hudson, Lewis, in his official capacity, and Perry, in his official capacity, are barred by claim preclusion, and (2) Workman's claims against GCC are barred by issue preclusion. (R&R 4-7, ECF No. 16.) Further, Magistrate Judge McDonald addresses the merits of Workman's claims and concludes that even if the claims are not precluded, (1) Garrett and Hudson have absolute judicial immunity; (2) Wilkins and Polsinello have prosecutorial immunity; (3) the State of South Carolina has Eleventh Amendment immunity; (4) the Solicitor's Office, the Sheriff's Office, and GCC are not "persons" subject to suit under § 1983; (5) Workman failed to provide factual allegations against Governor McMaster, the Attorney General of South Carolina, or Lewis, and respondeat superior does not apply in § 1983 actions; and (6) the indictment against Workman bars his claims against Perry and Lewis in their individual capacities. (Id. 8-12, ECF No. 16.) Finally, Magistrate Judge McDonald recommends that this action be designated a "strike" pursuant to 28 U.S.C. § 1915(g) due to the number of cases Workman has previously filed regarding the same events.

## III. OBJECTIONS

Workman filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of

---

[4] Id.

a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Workman's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  However, Workman raises a number of objections that are essentially one specific objection.  Workman objects to the magistrate judge's conclusion that claim and issue preclusion bar a number of his claims.  (Objs. 2-3, ECF No. 18.)  Workman alleges that the court did not address the merits of his claims in previous actions and further alleges (1) that South Carolina, Hudson, and Garrett are not immune from suit and (2) that the Solicitor's Office and Sheriff's Office are subject to suit under § 1983.  (Id., generally, ECF No. 18.)  For the reasons set forth below, Workman's objections are without merit.

Workman alleges that claim and issue preclusion do not apply in the instant action because he has "never filed a suit on this case," and "this case has never been litigated."  (Id. 2-3, ECF No. 18.)  Claim preclusion, or res judicata, applies when there is "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (1) an identity of parties . . . in the two suits."  Pueschel v. United States, 369 F.3d 345, 354-55 (4th Cir. 2004).  Workman previously filed three § 1983 actions and one 28 U.S.C. § 2241 habeas corpus petition as a pretrial detainee, challenging his criminal charges and warrants and raising the same claims that he raises in the instant action.  Workman v. Perry,

4

C.A. No. 6:17-00765-RBH, 2017 WL 4791150 (D.S.C. Oct. 23, 2017) (unpublished) (§ 1983 action against Perry, Hudson, the Solicitor's Office, the Sheriff's Office, and Polsinello,[5] among others); Workman v. Perry, C.A. No. 6:18-1331-HMH-KFM, 2018 WL 4489709 (D.S.C. Sept. 19, 2018) (unpublished) (§ 1983 action against Perry, Hudson, Lewis, GCC, and the Sheriff's Office); Workman v. White, C.A. No. 6:17-2387-RBH, 2017 WL 4968606 (D.S.C. Nov. 1, 2017) (unpublished) (§ 1983 action against Wilkins and Polsinello, among others); Workman v. Dir. of the Greenville Cty. Det. Ctr., C.A. No. 6:17-00767-RBH, 2017 WL 2687894 (D.S.C. June 22, 2017) (unpublished) (§ 2241 action against the State of South Carolina, among others).[6]

In each of these previous actions, the court abstained from enjoining the state prosecution, pursuant to Younger v. Harris, 401 U.S. 37 (1971), and further applied various immunity doctrines to each defendant. Accordingly, Workman's claims have already been addressed by the court. Thus, claim preclusion applies to Wilkins, Polsinello, the Solicitor's Office, the Sheriff's Office, Hudson, Lewis, in his official capacity, and Perry, in his official capacity. Orca Yachts LLC v. Mollicam, Inc., 287 F.3d 316, 318 (4th Cir. 2002) (noting that claim preclusion applies when there has been a valid and final judgment, even if the matter was not actually litigated).

---

[5] In that action, Derrick Polsinello was identified as "Dairrick Pophancila."

[6] This court may take judicial notice of the prior cases. Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). See also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Mann v. Peoples First Nat'l Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties).

Further, Workman has sued GCC five times, and each time the court held that GCC was not subject to suit because it is not a "person" under § 1983.  See, e.g., Workman v. Vandermosten, C.A. No. 6:17-02832-RBH, 2017 WL 1870525, at *2 (D.S.C. Apr. 19, 2018) (unpublished); Workman v. Greenville County Council, C.A. No. 6:17-02846-RBH, 2018 WL 1912769, at *2 (D.S.C. Apr. 23, 2018) (unpublished).  Thus, issue preclusion applies to GCC.

Moreover, even if claim and issue preclusion did not apply, Workman's remaining objections are without merit.  South Carolina is entitled to Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332, 341-43 (1979) (holding that Congress has not abrogated the states' sovereign immunity in § 1983 actions); S.C. Code Ann. § 15-78-20(e) (stating that South Carolina has not consented to suit in federal court).  The Solicitor's Office, Sheriff's Office, and GCC are not "persons" subject to suit under § 1983.  Harden v. Green, No. 01-6393, 2001 WL 1464468, at *4 (4th Cir. Nov. 19, 2001) (unpublished) (finding that buildings and groups of people like the medical department in a prison are not persons within the meaning of § 1983). Hudson and Garrett are afforded absolute judicial immunity.  King v. Myers, 973 F.2d 354, 356-57 (4th Cir. 1992) (holding that state magistrate judges are absolutely immune under § 1983 when performing judicial actions in matters over which they have jurisdiction); Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (holding that a state court judge has absolute judicial immunity from suit for judicial actions, which can only be overcome if the judge's actions are nonjudicial or taken in the complete absence of all jurisdiction).

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge McDonald's Report and Recommendation.

It is therefore

**ORDERED** that Workman's complaint, docket number 1, is dismissed without prejudice, without issuance and service of process, and without leave to amend the complaint. It is further

**ORDERED** that this action is designated a "strike" pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED**.

                                              s/Henry M. Herlong, Jr.
                                              Senior United States District Judge

Greenville, South Carolina
March 4, 2019

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.